# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ROBERT HALF INC.,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **No. 3:26-CV-02676-LS** |
| | § | |
| **AK SPECIALIZED TALENT** | § | |
| **COMPANY; AND ALYSSA C. KIEHN,** | § | |
| | § | |
| ***Defendants.*** | § | |

## ORDER DENYING MOTION FOR AN *EX PARTE* TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Robert Half, Inc., moves for an *ex parte* temporary restraining order ("TRO") and a preliminary injunction in a single motion.[1] Federal Rules of Civil Procedure 65 allows the Court to issue an *ex parte* TRO only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[2]

Notice under Rule 65(b)(1) does not require service, but it does require notice to the adverse party.[3] Here, after filing the *ex parte* motion, Plaintiff served Defendants with the complaint and injunctive relief motions on November 8, 2026.[4] Under Rule 65(b)(1), Defendants now effectively have notice of Plaintiff's motions.[5]

---

[1] *See* ECF No. 3. Plaintiff filed ECF No. 4 as a motion, but the attached document is the proposed order accompanying the motion for an *ex parte* TRO.

[2] Fed. R. Civ. P. 65(b)(1).

[3] *Corrigan Dispatch Co. v. Casa Guzman, S. A.*, 569 F.2d 300, 302 (5th Cir. 1978).

[4] *See* ECF Nos. 9 and 10.

[5] "[W]here the opposing party has notice of the application for a temporary restraining order," "such order does not differ functionally from a preliminary injunction." *Dilworth v. Riner*, 343 F.2d 226, 229 (5th Cir.

Therefore, the Court **CONVERTS** the Motion for an *Ex Parte* TRO [ECF No. 3] into Plaintiff's existing Motion for a Preliminary Injunction [ECF No. 3][6] and sets the following expedited briefing schedule: Defendants shall respond to Plaintiff's motion for a preliminary injunction on or by **December 1, 2026**. Plaintiff may reply on or by **December 8, 2026**. Plaintiff shall also serve this order upon Defendants and file a certificate of service with the Court as soon as possible. A separate order will follow setting a hearing on the motion for a preliminary injunction once briefing is complete.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 16, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

1965) (citation omitted); *see, e.g.*, *Sparrow Barns & Events, LLC v. Ruth Farm Inc.*, No. 4:19-CV-00067, 2019 WL 1560442, at *3 (E.D. Tex. Apr. 10, 2019).

[6] *See Esparza v. Bd. of Trustees*, 182 F.3d 915, 1999 WL 423109, at *2 (5th Cir. 1999) ("[W]hen the adverse party has notice, the protective provisions of rule 65(b) do not control, and the court has discretion to consider granting more lasting relief under a [preliminary injunction].").